STATE *v.* JOHN NEAPOLITANO.

January Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed February 6, 1924.

*Criminal Law—Exceptions Not Briefed—Evidence Admissible to Show Possession and Ownership of Intoxicating Liquor— Request for Instructions.*

1. Exceptions to the admission of evidence which are not briefed will not be considered.
2. In a prosecution for having in possession intoxicating liquor in violation of Acts of 1921, No. 204, § 4, where a number of the

cans which contained alcohol were found on respondent's premises, other articles also found there adapted to the sale of liquor, including labels on cases containing empty bottles which indicated respondent's ownership of the bottles, were admissible as tending to establish both possession and ownership by the respondent of the liquor found in the cans.

3.  A request for an instruction that, if the jury found that such cans were in the respondent's house when he moved there, and he had no knowledge of their contents, the verdict must be not guilty, was properly refused when other evidence in the case tended to show that several jugs, each of which contained intoxicating liquor, were also found on such premises.

INFORMATION charging possession of intoxicating liquor. Plea, not guilty. Trial by jury in Rutland city court, *Leonard F. Wing,* Judge. Verdict and judgment of guilty. The respondent excepted. The opinion states the case. *Exceptions overruled.*

*Dorsey & Kinney* for the respondent.

*Charles E. Novak,* State's attorney for the State.

SLACK, J.   The respondent was convicted in the Rutland city court of having in his possession intoxicating liquor in violation of section 4, No. 204, Acts 1921, and the case comes here on his exceptions. The only exceptions briefed relate to the admission of evidence and to the failure of the court to charge as requested.

[1, 2]   This prosecution grows out of a search of the respondent's dwelling house, located in the city of Rutland, January 1, 1923. The State's evidence, which was undisputed, tended to show that the officers who conducted the search found nineteen five-gallon tin cans in one of the chambers, a one-gallon jug in a small room off the kitchen on the ground floor, and a five-gallon glass jug, a one-gallon glass jug, six cases of empty quart bottles, each case containing one hundred and forty-four bottles, one part case of bottles, a box of glass stoppers, a bag of corks, two whiskey glasses, a liquor thermometer, two jars of paste, two balls of heavy cord or twine, a quantity of heavy brown paper, two

short pieces of small rubber hose, a hammer, screw driver, pair of heavy clincher-type pincers, and nineteen tops or stoppers for cans like those described above, in the cellar. They also found in the cellar a bench or table eight or ten feet long and three or four feet wide with sides except in front, four to six inches high. It also appeared that there was a water pipe and faucet in the cellar which afforded an opportunity to draw water there. The State's evidence also tended to show that the nineteen tin cans, the jug found on the ground floor, and the gallon glass jug found in the cellar each contained a small quantity of alcohol; that none of the cans when found had tops or stoppers on them but that the nineteen tops or stoppers found in the cellar fitted those cans; that the glass stoppers fitted the empty bottles, and the pieces of rubber hose fitted into the tops of those bottles. The officers were allowed to testify fully as to what they saw or found while making the search. The respondent saved exceptions to some of the evidence given by the officers relative to certain articles which they found, but since these exceptions are not briefed, they are not considered. Aside from what he says concerning the failure of the court to charge as requested, which is considered later, the respondent confines his discussion to exceptions saved to the admission in evidence of the articles themselves. The one-gallon glass jug found in the cellar, the empty bottles, the glass stoppers, the corks, the paste and certain labels that were removed from some of the cases containing the empty bottles, which indicated that the respondent owned those bottles, were admitted in evidence, subject to the respondent's exception. The objection now urged against the admissibility of those articles (and they are all considered together in the respondent's brief) is that they had no tendency to establish the offense with which the respondent is charged, since intent to sell is not an element of that offense. But the question of intent aside, we think that those articles, taken in connection with the other evidence in the case, tended to establish both possession and ownership by the respondent of the liquor found in the tin cans. He, later, claimed, and offered evidence to show, that those cans were left in the house by a former occupant of the premises, and that, although he had lived in the house eight months, he had no knowledge of their contents, and consequently was not chargeable therefor. If the State anticipated this de-

fense, as it well might have, it was competent for it to introduce evidence tending to refute it; and we cannot conceive of circumstantial evidence having a stronger tendency to do that than did the evidence in question. Under the same roof where those cans were found, the respondent maintained a complete equipment for bottling, and putting in a salable form, intoxicating liquor— bottles, corks, stoppers, wrapping paper, twine and paste, a work bench or table, a liquor thermometer, and whiskey glasses for the use of retail customers, and with this outfit were found nineteen tops or stoppers which, from the fact that they fitted the nineteen tin cans, might fairly be inferred to belong to those cans. In the circumstances, the evidence of the respondent's facilities for disposing of intoxicating liquor not only tended to show that he was engaged in the liquor business, but made it probable that he owned the cans and, consequently, the liquor found in them. For that purpose, if for none other, the articles received under respondent's exceptions were admissible.

[3] The respondent presented 13 requests to charge. Exception was taken to the failure of the court to comply with many of those requests, including the second, fifth, and seventh, which are the only ones now relied upon. Those three were properly refused. The second and fifth called for an instruction in effect, that if the jury found that the nineteen cans were in the respondent's house when he moved there and he had no knowledge of their contents, their verdict must be not guilty, and the seventh, respondent's counsel say in their brief, is so nearly like the fifth that for convenience they treat them together. These requests, it will be seen, overlook, entirely, the evidence tending to show that the jug found in the small room off the kitchen and the gallon jug found in the cellar each contained intoxicating liquor. In view of the latter evidence it is manifest that the guilt of the respondent did not depend, necessarily, upon his knowledge of the contents of the cans.

*Judgment that there is no error in the proceedings, and that the respondent takes nothing by his exceptions. Let execution be done.*